**TEDRICH FURNITURE COMPANY, Plaintiff-Appellee, v. TISDALE et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24410. Decided March 19, 1958.

Feldman & Feldman, for plaintiff-appellee.
Louis E. Weitz, for defendants-appellants.

## OPINION

By SKEEL, PJ.

This appeal comes to this court on questions of law from a judgment of the Municipal Court of Cleveland denying or dismissing a motion filed within term to vacate a judgment, the motion alleging "unavoidable casualty or misfortune preventing this defendant from defending this action."

The plaintiff's petition, filed November 23, 1956, prayed for judgment against two defendants (Carlos Fletcher and this appellant) for damages for breach of a contract to purchase furniture. It alleges that the defendants verbally purchased certain items of furniture and household goods for the sum of $528.00 and executed and delivered to plaintiff a note and chattel mortgage for said sum, plus carrying charges and sales tax, which sales tax amounted to $15.84. It is further alleged that defendants informed plaintiff that they would refuse to receive and pay for such furniture. (There is no allegation that the furniture was ever delivered.) The petition then states that the furniture cost plaintiff $277.03 and says that by reason of defendant's breach of contract to purchase such furniture, he has been damaged in the sum $266.81.

The transcript shows an answer filed after default on the pleading had been entered. The answer admitted the down payment on the furniture, alleges the cancellation of the purchase, and contains a general denial.

The transcript shows the following entry:

"July 17th, 1957: By consent of the parties hereto, judgment is rendered in favor of plaintiff for $200.00 and costs. Journal Entry filed July 17. 1957."

With the motion to vacate on the grounds above set out, the defendant, Al M. Tisdale, filed an affidavit in which he sets forth that he has an adequate defense; that he was advised by counsel for defendant Fletcher that it would not be necessary for him to attend the hearing: that the defendant Fletcher would appear and defend the matter; that Fletcher did not attend the hearing but his counsel, without this defendant's knowledge or consent, permitted to be entered, without trial, an agreed judgment in settlement of the claim against both defendants. This defendant specifically denies authorizing defendant Fletcher's counsel to enter such judgment against him.

The bill of exceptions discloses that no hearing was had upon the defendant's motion filed during term to vacate the alleged agreed judgment against him, although he was in court and through counsel, demanded the privilege of being heard. By the statement of his counsel,

the court was advised that this defendant denied entering into a purchase agreement for the furniture, but that he was, in fact, a co-signer of the note and mortgage "* * * for the purpose of giving credit to the defendant Fletcher to allow for purchases from plaintiff; that defendant Tisdale was not a purchaser * * *."

Both of the claims of the defendant appellant Tisdale, if substantiated by evidence, would require the court to vacate the judgment and permit this defendant to be heard on the merits. It is said in 30 A. L. R. 2d 945, in an annotation dealing with the "Authority of attorney to compromise action," paragraph two:

"The rule is almost universal that an attorney who is clothed with no other authority than that arising from his employment in that capacity has no implied power by virtue of his general retainer to compromise and settle his client's claim or cause of action."

In the case of **Shilling v. Ross, 16 Abs 458** (Court of Appeals 1933), it was stated that the mere relationship of attorney and client would not authorize an attorney representing heirs to make an agreement with the administrator of an estate to allow and settle the account of the administrator in consideration of his recognizing the heirship of the claimants and making early distribution without requiring bond for refund, unless such attorney is specially authorized by the client so to do. See also other authorities to the same effect cited in 30 A. L. R. 2d 944. The rule as thus expressed is so universally accepted that citation of further authorities is unnecessary.

It appearing by the affidavit of this defendant that he denied the authority of the attorney of record to compromise the claim against him and the judgment entered showing clearly that it was entered without trial and by the "consent" of the parties, the court, in the exercise of its sound discretion, in considering a motion to vacate such judgment filed during term, should hear evidence to determine such controversy and the failure to do so constitutes an abuse of discretion.

The petition of the plaintiff, as above set out, seeks damages for breach of contract. It is claimed that the defendants purchased certain furniture and then refused to take delivery. The property still being in the possession of the seller, and as shown by the allegations of the petition, the action as stated must be based on §§1315.62, 1315.65 and 1315.66 R. C., of the Uniform Sales Code. If this be the theory of plaintiff's case, then the tendered defense of this defendant that he did not purchase furniture from the plaintiff, but was, in fact, an accommodation maker of a negotiable note secured by a chattel mortgage on the furniture purchased, given as evidence of the debt created by the purchase of the furniture by the defendant Fletcher, if established by sufficient evidence, would be a complete defense to the plaintiff's claim. Certainly an accommodation maker of a note given to secure the purchase price of a sale of goods cannot be held liable in damages in an action, not for the purchase price or on the note, but seeking damages for breach of the contract of purchase by the buyer where the subject of the sale was never delivered to the buyer. It was clearly the duty of the court, where there had never been a trial of the

issues presented by the pleadings, to hear evidence on a motion to vacate judgment entered during term where the defense presented, if established, would completely absolve such defendant from liability to the plaintiff upon the cause of action pleaded. It is also evident from the face of the petition that the Retail Installment Act applies to this transaction and that the provisions of such act were not followed.

The defendant was certainly entitled to present his evidence on the motion in a hearing in open court. Therefore, for the foregoing reasons, the judgment is reversed and the cause is remanded for further proceedings according to law.

HURD and KOVACHY, JJ, concur.